**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**KENYA STEPHENS,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　**Case No. 4:16cv530-RH/CAS**

**FLORIDA DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On August 22, 2016, Petitioner Kenya Stephens, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On July 3, 2017, the Respondent filed a Motion to Dismiss with exhibits, arguing that Petitioner's § 2254 petition was untimely. ECF No. 16. Petitioner has not filed a reply.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). As explained below, the undersigned has determined Respondent's motion to dismiss should be granted and the § 2254 petition should be dismissed as untimely.

## **Procedural Background**

The State of Florida charged Petitioner Kenya Stephens with two counts of Grand Felony Theft and Violation of Probation in Circuit Court of the Second Judicial Circuit, Leon County, Florida. On August 19, 2014, Petitioner pled no contest and the court sentenced her on that date to 60 months of incarceration. Ex. A at 13-21.[1] There was no direct appeal of the sentence and conviction.

On October 10, 2014, Petitioner filed a Motion to Reduce Sentence. Ex. B at 1-5. On November 10, 2014, the state court denied the Motion to Reduce and or Modify Sentence. Ex. B at 6.

On July 28, 2015, Petitioner filed a Motion for Post Conviction Relief, pursuant to Florida Rule of Criminal Procedure 3.850. Ex. A at 1. On August 28, 2015, the state trial court denied this motion. *Id.* at 11-12. On September 14, 2015, Petitioner then appealed this denial to the First District Court of Appeal (DCA) (Case No. 1D15-4262). Ex. A at 60-61. On November 9, 2015, the First DCA issued a per curiam affirmance, without a written opinion, and on December 7, 2015, issued the mandate. Ex. E at 1-2.

---

[1] Hereinafter, all citations to the state court record, "Ex. – ," refer to exhibits submitted with Respondent's motion, ECF No. 16.

On November 16, 2015, Petitioner filed a second Rule 3.850 motion, entitled Successive Motion for Post Conviction Relief. Ex. F at 1-6. On November 18, 2015, the state court dismissed the motion by order, with leave to amend within 60 days. Ex. G. On November 30, 2015, Petitioner filed an Amended Successive Motion for Post Conviction Relief, pursuant to the court's order. Ex. H at 1-6. On December 15, 2015, the state court denied this motion. *Id.* at 10-11. On December 28, 2015, Petitioner filed an appeal of this denial to the First DCA (case no. 1D15-5890). *Id.* at 39. On March 4, 2016, the First DCA issued a per curiam affirmance. Ex. K. On March 18, 2016, Petitioner filed a Motion for Rehearing on Newly Discovered Evidence with the First DCA within the same case (Case No. 1D15-5890). Ex. L at 2-5. On March 21, 2016, the court directed Petitioner to serve this motion on the Attorney General within 10 days of the Order. *Id.* at 6. On March 24, 2016, Petitioner properly filed a Motion for Rehearing on Newly Discovered Evidence in compliance with the Court's order. Ex. L at 2-5. On April 20, 2016, the Motion for Rehearing on Newly Discovered Evidence was denied by the First DCA. *Id.* at 1. On May 6, 2016, the First DCA issued the mandate in Case No. 1D15-5890. Ex. M.

On August 22, 2016, as indicated above, Petitioner filed her § 2254 petition. ECF No. 1. On July 3, 2017, the Respondent filed a Motion to

Dismiss with exhibits, arguing that Petitioner's § 2254 petition was untimely. ECF No. 16.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2254(d)(1). Respondent contends the § 2254 petition is untimely because it was filed after the AEDPA statute of limitations expired. EFC No. 16 at 5-6. Respondent is correct.

The Petitioner filed no direct appeal of her conviction and sentence imposed on August 19, 2014. Therefore, her conviction and sentence became final 30 days later, on September 18, 2014, and the AEDPA clock began running on that date. Fla. R. App. P. 9.110(b).

On October 10, 2014, Petitioner filed a Motion to Reduce Sentence. This tolls the AEDPA time. Rogers v. Sec'y, Dep't of Corr., 855 F. 3d 1274, 1275 (11th Cir. 2017). On October 10, 2014, 22 days had passed into Petitioner's AEDPA time limitation.

On November 10, 2014, the Motion to Reduce and or Modify Sentence was denied. The AEDPA clock began running again at that point. Edwards v. State, 53 So. 3d 1131 (Fla. 1st DCA 2011) (observing

that a trial court's order denying a motion to mitigate sentence is not appealable).

On July 28, 2015, Petitioner filed her first Rule 3.850 Motion for Post Conviction Relief, after another 260 days passed. Ex. A at 1. At this point a total of 282 days had passed on the AEDPA clock. The time remained tolled through the appeal. Evans v. Chavis, 546 U.S. 189, 191 (2006) (noting that the post-conviction application is "pending" for purposes of the AEDPA during the period between the lower court's adverse decision and the filing of a timely notice of appeal from that decision).

On December 7, 2015, the First DCA issued its mandate in Petitioner's appeal. Prior to that, however, on November 16, 2015, Petitioner filed another tolling motion, a second Rule 3.850 motion entitled Successive Motion for Post Conviction Relief. Therefore, all the time between July 28, 2015, and the conclusion of Petitioner's second Rule 3.850 petition was tolled.

Petitioner's second Rule 3.850 petition was properly amended and appealed (Case No. 1D15-5890) keeping the time tolled. On March 4, 2016, the First DCA issued a per curiam affirmance, without written opinion. On March 18, 2016, the Petitioner filed a Motion for Rehearing on Newly Discovered Evidence with the First DCA (Case No. 1D15-5890).

The First DCA denied rehearing.  In this case, because the First DCA issued a denial without a written opinion, discretionary review in the Florida Supreme Court was unavailable to the petitioner.  <u>Jackson v. State</u>, 926 So. 2d 1262, 1265 (Fla. 2006).  The Petitioner did not seek appeal of the First DCA's affirmance to the U.S. Supreme Court.  Even if she had, an application for a writ of certiorari from the United State Supreme Court on a post-conviction petition does not toll the one-year period of limitations.  <u>Lawrence v. Florida</u>, 549 U.S. 327, 329 (2007).  On May 6, 2016, the First DCA issued the mandate, thus restarting the AEDPA clock.  <u>McMullan v. Roper</u>, 599 F.3d 849, 852 (8th Cir. 2010) (noting time remains tolled on post-conviction petition until mandate issued).

On July 28, 2016, after an additional 83 untolled days, the AEDPA clock expired.  On August 22, 2016, the Petitioner filed her § 2254 petition, 25 days after the one-year limitations period expired.  For this reason, the Respondent's motion to dismiss should be granted.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's Motion to Dismiss (ECF No. 16) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED** as untimely. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 7, 2017.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**